UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRUCK INSURANCE EXCHANGE, | : | No. 3-06-cv-1058(WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. MAGER, JR., | : | |
| RYAN PODPOLUCHA and KYLE | : | |
| PODPOLUCHA, | : | |
| CO-ADMINISTRATORS | : | |
| OF THE ESTATE OF MATTHEW | : | |
| PODPOLUCHA, | : | |
|     Defendants. | : | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

This is an action for declaratory judgment brought by plaintiff Truck Insurance Exchange relative to its obligation to defend and indemnify defendants Joseph Mager, Jr., Ryan Podpolucha, and Kyle Podpolucha, as Co-Administrators of the Estate of Matthew Podpolucha in the lawsuit brought by Gayle Velasquez against the estate of Matthew Podpolucha in Connecticut state court.

The plaintiff has filed a motion for summary judgment. The defendants have filed an opposition to plaintiff's motion for summary judgment. For the following reasons, the plaintiff's motion for summary judgment will be granted.

## BACKGROUND

Plaintiff and defendants have submitted statements of facts with supporting evidentiary materials. These submissions reveal the following undisputed facts.

Plaintiff issued Matthew Podpolucha a "Premier" homeowners policy that was in effect from June 30, 2005 through June 30, 2006. The policy provided that Truck Insurance would cover the expense of a defense of a claim brought against an insured for

damages due to "bodily injury" or "property damage" caused by an "occurrence." The policy defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in ... bodily injury." The policy also contained an exclusionary clause applicable to "bodily injury" or "property damage" that "is expected or intended by the 'insured;'" or arises "out of sexual molestation, corporal punishment or physical or mental abuse...."

In her complaint filed on January 13, 2006, Velasquez alleged that she was at the home of Matthew Podpolucha when he physically assaulted her, restrained her in a bedroom and threatened to kill her by holding a gun to her head. Velasquez alleges that she sustained injuries and mental aguish as result of Podpolucha's conduct. Her complaint contains five counts: 1) assault and battery, 2) intentional infliction of emotional distress, 3) negligent infliction of emotional distress, 4) unlawful restraint, and 5) negligence. The allegation of negligent infliction of emotional distress incorporates the allegations of assault and battery and asserts that Podpolucha "knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that the distress, if caused, might result in illness or bodily harm." In her count labeled "negligence," Velasquez claims that Podpolucha "negligently held the shotgun in the vicinity of the plaintiff's head, when he knew or should have known that doing so caused an unreasonable risk of harm."

Matthew Podpolucha is now deceased.

**DISCUSSION**

**A.     Standard of Review**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Plaintiff Truck Insurance argues that it has no obligation to defend or indemnify defendants pursuant to the policy.

"If an allegation of the complaint falls even possibly within the coverage, then the

3

insurance company must defend the insured." Moore v. Continental Cas. Co., 252 Conn. 405, 409 (2000). Insurance policy words must be accorded their ordinary and natural meaning, and any ambiguity in the terms of the policy must be construed in favor of the insured. Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537, 542 (1996). "The determinative question is the intent of the parties," as disclosed by the policy terms viewed in their entirety. Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 399 (2000).

Where the terms of the policy provide that coverage is triggered by an "occurrence" that is defined as an "accident," coverage does not extend to an insured's intentional torts. The facts alleged in the underlying complaint determine whether an insurer is obligated to defend or indemnify. Flint v. Universal Machine Co., 238 Conn. 637, 646 (1996) (duty to defend is determined by the facts of underlying complaint). In United National Ins. Co. v. The Tunnel, Inc., 988 F.2d 351 (2d Cir. 1993), a complaint against a nightclub alleged intentional and negligent torts stemming from a bouncer's beating of a patron. Because the insurance policy at issue excluded coverage for assault and battery, the Second Circuit ruled for the insurer, holding that a duty to defend and indemnify cannot be triggered by merely labeling as negligence facts that indisputably arose out of the excluded assault and battery.

Here, Velasquez has alleged both intentional and negligent torts. Intentional and negligent conduct are separate and mutually exclusive, and the same conduct cannot reasonably be determined to be both intentional and negligent. DaCruz v. State Farm and Casualty Co., 268 Conn. 675, 693 (2004). The facts alleged in the underlying complaint are indisputably intentional and do not fall within the definition of "occurrence"

4

as an "accident" or unintended event. Plaintiff's allegations of negligence are grounded upon the intentional assault and battery of Velasquez.

Even if Velasquez could maintain that conduct at issue constituted an "occurrence" under the policy, coverage under the policy is barred by the exclusion of "bodily injury" "arising out of ... physical or mental abuse...." The Connecticut Supreme Court has interpreted the phrase "arising out of" to mean "had its origins in," "flowed from," "grew out of" or "incidental to." Hogle v. Hogle, 167 Conn. 572, 577 (1972). Here, in accordance with the facts of the underlying complaint, Velasquez's injury flowed from the physical abuse inflicted upon her by Podpolucha. Accordingly, the Court will enter summary judgment in favor of the insurer plaintiff.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Summary Judgment [doc. # 31] is GRANTED. The Court hereby declares that plaintiff Truck Insurance Exchange is under no duty to defend or indemnify defendants Joseph Mager, Jr., Ryan Podpolucha, and Kyle Podpolucha, as Co-Administrators of the Estate of Matthew Podpolucha, in the lawsuit brought by Gayle Velasquez against the estate of Matthew Podpolucha in Connecticut state court.

The clerk is instructed to enter judgment and to close this case.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated the __22_ day of November, 2007 in Bridgeport, Connecticut.